IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02418-BNB

RICHARD RICE,

    Applicant,

v.

DEPT. OF CORRECTIONS,
RICK RAEMISCH,
WALT CHESTERFIELD,
BRANDON SCHAFER, and
C. FALK,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Richard Rice, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Rice has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4). The court must construe the application liberally because Mr. Rice is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Rice will be ordered to file an amended application if he wishes to pursue any federal constitutional claims in this action.

    The application is deficient. First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District

Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Rice alleges that he is confined at the Denver County Jail. Therefore, he should name as Respondent his custodian at that facility.

The application also is deficient because Mr. Rice fails to provide a clear statement of the claims he is asserting and he fails to provide specific factual allegations in support of those claims that demonstrate his federal constitutional rights have been violated and that he is entitled to habeas corpus relief. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Rice "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Rice must provide specific factual allegations in support of the federal constitutional claims he is asserting. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Rice file an amended application that names a proper Respondent and that clarifies the claims he is asserting in this action.  It is

FURTHER ORDERED that Mr. Rice shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Rice fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED September 17, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge