IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02418-BNB

RICHARD RICE,

    Applicant,

v.

DENVER COUNTY JAIL,
MR. DIGGINS, D.C.J., and
OTHERS NAMELY D.O.C.,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Richard Rice, is an inmate at the Denver County Jail in Denver, Colorado.  Mr. Rice initiated this action by filing *pro se* a Motion for Writ of Habeas Corpus (ECF No. 1) claiming he was being detained illegally.  On September 12, 2014, Mr. Rice filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4).  On September 17, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Rice to file an amended application that names a proper Respondent and that clarifies the claims he is asserting.  Magistrate Judge Boland advised Mr. Rice that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Magistrate Judge Boland also noted that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, *see Mayle v. Felix*, 545 U.S. 644, 655

(2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, see *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). On September 26, 2014, Mr. Rice filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 8).

The Court must construe the amended application liberally because Mr. Rice is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the amended application and finds that Mr. Rice still fails to provide a clear statement of any federal constitutional claims for relief. For example, Mr. Rice's first claim for relief in the amended application, which the Court will quote verbatim without correcting or identifying errors in grammar or spelling, is the following:

> Claim One: Illegally Detained Conspired Maliciously Falsely Arrested and Prosecute/Due Process Amendment Fourth Denied Fifth Amend. Freedom of Speech
>
> Supporting Facts: Failure to provide a fair trial or hearing. The Suppression by D.O.C. And D.C.J. of evidence favorable to me to Attend my schedule Parole Board Hearing upon request And Appointment. Investigators (Liaison) Parole Officers had me falsely arrested on a in-house copd And I served 7 days for a write-up I had already been Sanction on and gave 5 days earned time. They ignore exculpatory evidence and proceed to prosecute me. After being founded not guilty/And dismissal of All charges I'm still in custody pending No charge, And still Awaiting to see P.B.H. for the third time. While being held by D.O.C.

(ECF No. 8 at 2-3.) It is not clear how the various constitutional amendments Mr. Rice references have been violated, and he fails to identify the exculpatory evidence that was

suppressed or ignored, the reason he believes he was falsely arrested, or even when these events occurred.  Mr. Rice similarly fails in his other claims both to identify with particularity the constitutional rights that allegedly have been violated and to allege specific facts that demonstrate he is entitled to relief.

Mr. Rice was advised that he must allege specific facts in support of his constitutional claims and that naked allegations of constitutional violations are not sufficient in a habeas corpus action.  Despite these instructions, Mr. Rice has failed to file an amended application that clarifies and provides fair notice of the claims he is asserting.  Therefore, the action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion for Writ of Habeas Corpus (ECF No. 1), the habeas corpus application (ECF No. 4), and the amended habeas corpus application (ECF No. 8) are denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Rice failed to comply with a court order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  27th  day of    October    , 2014.

BY THE COURT:


　　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court